(Court of Common Pleas, Lorain County.)

THE STATE OF OHIO, EX REL. O. E. BOWMAN v. ELIZABETH MALONEY, GOTTHARDT DUCHOSLAV AND KATE DUCHOSLAV.

---

*Action for sales of liquor under Winn Law, 91 O. L. 300 (1894.)—Definitions of the several provisions of the Winn law.*

Where the jury finds that the lessee kept a house of ill fame on the premises and sold liquor therein, and judgment for the penalty is rendered accordingly against the lessee, such judgment is not a lien on the property when the jury also finds that the owner did not know that the house was so kept.

---

Charge of the Court.

NYE, J.

The plaintiff, the State of Ohio on relation of O. E. Bowman, by its amended petition says: "That on or about the 12th day of October, 1895, and for a long time prior thereto, defendant, Elizabeth Maloney, did keep and maintain, and was a person having control at No. 25 Clark street in the village of Lorain, county of Lorain and state of Ohio, of a house of ill-fame then and there reputed to be a building and place where persons of the opposite sex meet for the purpose of prostitution and common lewdness, and on said day in said house of ill-fame as aforesaid, did unlawfully sell and furnish therein to one W. S. Murry, then and there being, and upon the premises adjacent thereto, being then and there under the control of Elizabeth Maloney, as aforesaid, spirituous, malt, vinous and other intoxicating liquors contrary to law.

"Defendant Gottbardt Duchoslav, is, and was at the time of the commission of the grievances hereinafter mentioned, the owner in fee simple of said premises upon which said house of ill-fame is situated and now stands and of the said premises adjacent thereto, all of which was under the control of the said defendant, Elizabeth Maloney, and which said premises are known and described as follows: Situated at No.

25 Clark street, in the village of Lorain, county of Lorain and State of Ohio, more particularly described as follows: Lot No. 2 in Block No. 32 in Lawler's sub-division to the allotment made by Wm. A. Braman, trustee, of part of tract one (1) lot three (3) in the township of Black River, and of the buildings situated thereon, which was leased to the said defendant, Elizabeth Maloney, who kept therein and as the proprietress of said house of ill-fame in which said intoxicating liquors were sold and furnished, contrary to law as aforesaid.

"Defendant, Kate Duchoslav, who is the wife of said defendant Gotthardt Duchoslav, claims an inchoate right of dower in said premises.

"Plaintiff claims the statutory penalty provided for in the act of the legislature of Ohio, passed March 18th, 1894, $350.00."

(Then follows a brief statement of nine other causes of action, founded on sales and gifts of intoxicating liquors, set forth in the amended petition.)

The plaintiff claims judgment for the sum of $350.00 on each of said causes of action.

"Therefore this plaintiff by O. E. Bowman, complainant, asks that judgment be awarded the state of Ohio in the full sum of thirty-five hundred dollars, and that one-third thereof be awarded this complainant, and that said judgment be declared a lien upon the premises herein described, as provided for in the act of the legislature of Ohio, passed March 18th, 1894."

The defendant, Elizabeth Maloney, has failed and neglected to file an answer in this case, and she does not appear by attorney to defend herein.

"The defendant, Gotthardt Duchoslav, says for his separate answer to the petition of plaintiff, not denying that he is the owner of the real estate described in said petition nor that he leased the same to the said defendant, Elizabeth Maloney, and that the said Elizabeth Maloney, occupied said premises as such tenant of defendant at the time of the grievancces complained of in plaintiff's petition, denies each and every other allegation and averment in said petition contained.

Second Defense.—Further answering this defendant says that if it should appear that said premises were occupied and used in whole or in part by the said defendant Elizabeth Maloney for the purposes of prostitution or as a house of ill fame, and that intoxicating liquors were sold therein, all as in said petition stated, that he had no knowledge whatever of such use and occupancy of said premises by the said defendant Elizabeth Maloney for said purposes of prostitution, or as a house of ill fame, or that intoxicating liquors were sold therein. Wherefore defendant prays that petition be dismissed."

"Now comes the state of Ohio ex rel. O. E. Bowman, and by way of reply to the second defense to the separate answer of Gotthardt Duchoslav filed herein, says that he denies that said defendant had no knowledge what-

ever of the use and occupancy of the premises by said defendant Elizabeth Maloney, for the purpose of prostitution, or as a house of ill fame, or that intoxicating liquors were sold therein.

"And further denies all and singly the averments in said answer alleging want of knowledge by this defendant Gotthardt Duchoslac."

The statute under which this action in brought, provides, among other things, that it shall be unlawful for any person to sell or give away in any house of ill fame, as defined in section one of this act, any spirituous, malt, vinous or other intoxicating liquors.

There are several propositions which will be necessary for the plaintiff to make out before it would be entitled to a verdict upon either cause of action set forth in the amended petition filed herein.

I will first direct your attention to some of the things which it is necessary for the plaintiff to prove, in order to entitle it to a verdict upon the first cause of action set forth in this petition:

First—That the defendant, Elizabeth Maloney, kept a house of ill-fame at the place named in the first cause of action, and that said house had such general reputation in the neighborhood.

Second—That a sale of intoxicating liquor was made to W. S. Murry in said house of ill-fame.

Third—That said sale was made in Lorain county, Ohio.

Fourth—That said sale was made on or about the 12th day of October, 1895, the exact date is not material. If you find from the evidence that the sale was made on or about that time, near to that time would be sufficient so far as the date is concerned.

These, I say to you, are some of the material allegations in the petition, and before the plaintiff would be entitled to a verdict at your hand upon the first cause of action, it must establish each and all of the foregoing propositions by a preponderance of the evidence.

I will now direct your attention more particularly to several material things for your consideration and determination.

I say to you in a general way that before the plaintiff would be entitled to a verdict at your hands upon either cause of action set forth in the amended petition herein, it must prove the defendant Elizabeth Maloney kept a house of ill fame.

It then becomes important for me to define to you what is meant by a house of ill-fame.

I say to you that a building or place where persons of opposite sex meet for the purpose of prostitution is a house of ill-fame.

Again, a house of ill-fame is a house kept for a resort for persons desiring to engage in unlawful sexual intercourse.

It will therefore be important for you to determine from the evidence which has been given you in this case, whether the house kept at said No. 25 Clark street, in the village of Lorain, Ohio, was a house of ill-fame.

It is a question of fact for you to determine from all the evidence given you in the case whether the house which is said to have been kept by Elizabeth Maloney at said No. 25 Clark street, was, at the time of the alleged sales of intoxicating liquors, a house of ill-fame.

But I say to you that the statute under which this action was brought, among other things, further provides that: "Upon the trial for the recovery of the penalty or of penalties under the provisions of this act, it shall not be necessary to prove any overt act of prostitution in the building or place alleged in the petition to be a house of ill-fame, but it shall be sufficient to show that such building or place is generally reputed in the neighborhood, where the same is located to be a building or place where persons of opposite sex meet for the purpose of prostitution."

I therefore say to you, as a matter of law, that if you find from the evidence given you in this case, that the house occupied by the defendant Elizabeth Maloney, at said No. 25 Clark street, at the time of the alleged sales, was generally reputed in the neighborhood where the same was located, to be a building or place where persons of opposite sex met for the purpose of prostitution, such proof would be prima facie evidence that such house or place was a house of ill-fame.

By prima facie evidence, I mean evidence that you are to receive and accept as true until overcome by adequate proof to the contrary.

But I say to you further that if you find from the evidence which has been given you in this case that said house or place kept by said Elizabeth Maloney was generally reputed in the neighborhood where the same was located to be a building or place where persons of opposite sex met for the purpose of prostitution, such evidence would not be conclusive that said house or place was in fact a house of ill-fame.

The defendants deny that said house had such reputation, and they further deny that said house or place was in fact a house of ill-fame.

It then becomes a question of fact for you to determine from all the evidence in this case, whether said house or building alleged to have been kept by said Elizabeth Maloney, at said No. 25 Clark street, was a house of ill-fame, or whether it was not.

You have heard the testimony of the witnesses in this case as to the reputation of said house, and of other facts as to its condition, and I leave it then as a question of fact for you to determine from all the evidence which has been given you upon the trial of this case, whether said house or place was in fact a house of ill-fame or whether it was not.

The offenses charged in the amended petition in this case are the sales and gifts of intoxicating liquor in a house of ill fame.

If, therefore, you find from the evidence given you in this case that the house or place kept by the defendant Elizabeth

Maloney at said No. 25 Clark street was not a house of ill-fame, it will not be necessary for you to consider the case any further.

For if you find from the evidence given you in this case that said house was not a house of ill-fame it would not be unlawful under the statute under which this action is brought to sell intoxicating liquors in said house.

But if you find from the evidence given you in this case that said house or place kept by the defendant Elizabeth Maloney at said No. 25 Clark street was a house of ill-fame, it will be necessary for you to go further and determine whether either of the sales or gifts alleged to have been made in either of the several causes of action were in fact made as therein alleged.

I will now instruct you upon the subject of sales of intoxicating liquors. To constitute a sale the person purchasing the liquor must have paid for the same or agreed to pay for the liquor.

It is not necessary that the money be paid at the time if there is a promise to pay for the liquor, so that it is not a gift or a furnishing by some other person.

But to constitute a sale the person purchasing the liquor must either have paid for the liquor, or agreed to pay for it at the time of procuring the same.

Again, I say to you that to constitute a gift of intoxicating liquors the person furnishing the liquor must have intended to have donated or have given the liquor to the person to whom it was furnished without any intention of receiving pay or compensation therefor.

Upon the subject of intoxicating liquors, I say to you, that our circuit court has decided that lager beer is an intoxicating liquor. So that if you find from the evidence that lager beer was sold or given away, such liquor would be considered as intoxicating liquor.

Now, gentlemen of the jury, I have explained to you the law, applicable to a single cause of action, in the amended petition in this case.

(Then follows a brief statement of the things necessary to be proved to sustain a verdict on each of the other causes of action.)

Now, gentlemen of the jury. I say to you that each transaction set forth and alleged in the several causes of action in the plaintiff's amended petition constitutes a separate and distinct offense under the statute.

If, therefore, you find from the evidence given you in this case that the defendant, Elizabeth Maloney, kept a house of ill-fame at the place named in the first cause of action, you should take up and consider each cause of action set forth in the amended petition separately, and determine from the evidence whether each material allegation of said several causes of action have been proved to your satisfaction, or whether they have not.

Some evidence has been permitted to be given to you tending to show, what the reputation of the house of No. 25 Clark street was.

Evidence has also been given you tending to show that Elizabeth Maloney plead guilty to the charge of keeping a house of ill-fame.

Now, I say to you that such evidence is competent and proper evidence to be considered by you in determining whether said house was a house of ill-fame or not. But it is not conclusive.

I leave it as a question of fact from all the evidence in the case for you to determine, whether the house kept by Elizabeth Maloney was a house of ill-fame or whether it was not.

I propose to submit to you the question as to whether the defendant, Gotthardt Duchoslav, knew that Elizabeth Maloney kept a house of ill-fame at No. 25 Clark street.

If you find from the evidence given you in this case that said Elizabeth Maloney kept a house of ill-fame, it would be proper for you to consider the evidence given you upon the subject of the reputation of said house, in determining whether said Gotthardt Duchoslav, had knowledge that said house was a house of ill-fame.

It becomes a question of fact for you to determine from all the evidence given you in the case whether said defendant, Gotthardt Duchoslav, had knowledge that said house was a house of ill-fame, if you find from the evidence that it was a house of ill-fame.

I say to you as a matter of law that before the plaintiff would be entitled to recover in this case upon either causes of action set forth in the amended petition herein, it must prove by a preponderance of evidence all such facts and allegations of the petition as are necessary to entitle it to a recovery in this action.

If you find that the weight of the evidence is evenly balanced, or if you find the weight of the evidence with the defendants, then the plaintiff has failed to sustain such burden as the law requires, and your verdict must be for the defendants.

But if you find that the plaintiff has shown by a preponderance of the evidence the facts necessary to entitle it to a recovery in this action, under the instructions which I have given you, then the plaintiff would be entitled to a verdict for such sum as you find from the evidence, under the instructions which I have given you, and shall hereafter give you, that it is entitled to recover in this action.

The statute provides that each separate unlawful act of selling or giving away any such intoxicating liquor or liquors in a house of ill-fame shall constitute a separate cause of action, and that the person so making said sale shall be liable to a penalty in the sum of $350.00.

Hence, I say to you, if you find from the evidence given you in this case, that the plaintiff is entitled to recover on one cause

of action, and one only. it would be entitled to recover the sum of $350.00.

I further say to you that if you find that the plaintiff is entitled to recover in this action on more than one cause of action, it would be entitled to recover the sum of $350.00 on each cause of action which you find from the evidence it is entitled to recover upon. And if you find that the plaintiff is entitled to recover on more than one cause of action, the several amounts should be added together, and the total sum should be the amount of your verdict.

But I say to you that if you find from the evidence given you in this case that the plaintiff is not entitled to recover on either cause of action your verdict should be a general verdict for the defendants.

Gentlemen of the jury, in considering this case, you should look to and consider all the testimony which has been given to you in open court, and not thereafter withdrawn from you. You should consider it and give it such weight as to you may seem just and proper. You are the sole judges of the weight to be given to the evidence and of the credibility to be given to the witnesses.

It is the province and the duty of the jury to determine what is and what is not proven in the case, and to pass upon all questions of fact, which are necessary to be passed upon.

This is the exclusive province of the jury, and one with which the court will not and cannot properly interfere or direct. The findings of the jury upon all the questions of fact and upon the issues submitted to you are to be your findings exclusively from the evidence given to you in open court under the charge of the court.

### Decision of the Court.

The jury in this case returned a verdict in favor of the plaintiff, against the defendant, Elizabeth Maloney, on one cause of action for the sum of $350.00, and in favor of the defendants on all the other causes of action.

The jury also returned a special verdict, finding that the defendant, Gotthardt Duchoslav. the owner of said property, had no knowledge that a house of ill-fame was kept upon said premises.

This case now comes on for hearing on a motion of the parties to this action for a judgment upon the verdict of the jury.

The plaintiff claims that it is entitled to a judgment against the defendant, Elizabeth Maloney, for the amount of $350.00, and to have said sum declared a lien upon the property described in the petition as against the owner of said property.

The defendant, Gotthardt Duchoslav, on the other hand claims that under the finding of the jury that he had no knowledge that said property was being 'used as a house of ill-fame, the judgment to be rendered against the defendant, Elizabeth Maloney, upon said. verdict should not be declared a lien against his property.

These claims require the court to place a

construction upon what is known as the Winn Law, found in Vol. 91, Ohio Laws, p. 300, passed May 18th, 1894.

By the second section of said statute it is provided that: "It shall be unlawful for any person to sell or give away in any house of ill-fame as defined in section 1 of this act, any spirituous, malt, vinous or other intoxicating liquors," etc.

By the third section of said statute it is provided that "Any person who shall sell or give away any spirituous, malt, vinous or other intoxicating liquor or liquors as aforesaid * * * shall be liable to a penalty in the sum of $350.00, to be recovered in a civil action in the court of common pleas of the county in which the cause of action shall arise as hereinafter provided, and any judgment rendered against any person or persons for a violation of the provisions of this act shall be a lien upon the building in which such liquor or liquors are shown to have been sold or given away, and upon the lot or tract of land upon which such building or place is situated."

It will be observed by an examination of this statute that the person selling or giving away the intoxicating liquor shall be liable, and that the judgment to be rendered is only to be rendered against the seller or person giving away said intoxicating liquors.

The jury by their verdict have found that the defendant, Elizabeth Maloney, sold intoxicating liquors at the place named in the petition, and that at the time of said sale she kept a house of ill fame therein.

Hence a judgment under this statute should be rendered against her for the sum of $350.00, the amount found due by the jury. and which is the amount fixed by the statute.

This judgment becomes a personal judgment against said defendant, Elizabeth Maloney. and may be collected out of any property of which she is the owner.

But the statute does not provide for a presonal judgment against any other person.

There is no claim in this case that the defendant, Gotthardt Duchoslav, the owner of said property, had anything to do with the keeping of said house or the selling of said intoxicating liquors; and it is not claimed that any personal judgment could be rendered against him.

The testimony in this case shows that the defendant, Duchoslav was the owner of a dwelling-house situated upon the land or lot described in the petition, and that he rented said house to the defendant, Eilzabeth Maloney, for a dwelling-house.

Although the plaintiff claimed upon the trial of this case that the defendant, Duchoslav, knew that said dwelling-house was to be used and occupied as a house of ill-fame, the jury have found adversely to said claim.

The attorneys for the plaintiff claimed that said property is liable for the payment of said judgment, whether the owner thereof had knowledge of the purposes for

which said dwelling-house was occupied or not.

After a careful examination and study of the statute under consideration, I am of the opinion that the owner of property who leases the same is not liable for the penalties imposed by this statute unless he leases the same to be used as a house of ill-fame, or has knowledge that said property is being used for that purpose.

I recognize the general doctrine that the legislature has power to pass laws in the nature of police regulations, providing how property may or may not be used, and that the owners of property may be liable to penalties for the use of property in violation of such statutes; but I am not aware of any holding that goes so far as to deprive a person of his property without he leases it for an unlawful purpose, or has knowledge of its being used for such prohibited purpose.

The statute under consideration is aimed at houses of ill-fame, its primary object not being to prevent the sale of intoxicating liquors; hence I am of the opinion that if the owner of property leases it for the purpose of having it used as a house of ill-fame, or leases it and has knowledge that it is being used as a house of ill-fame, it would not be necessary for him to know that intoxicating liquors were sold therein, in order to make him liable. But if he knew that said property was being used as a house of ill fame he would be liable for all the penalties provided by said statute.

I think it would be carrying the doctrine too far to hold that a person who leases his property for a legitimate purpose and had no knowledge of its use for any other purpose, should be held liable for the unlawful use of said property by the tenant without any knowledge of said unlawful use.

In the case of the State against Summerville, 1 Nisi Prius Reports 422, 30. Judge Pugh of the Franklin county court of common pleas, held in a case brought under this statute, that "If the owner proves that he did not know the house was used for purposes of prostitution, it is a good defense" I fully concur in said decision. A judgment will therefore be rendered in favor of the plaintiff against the defendant, Elizabeth Maloney, for the amount found due upon the verdict, and a judgment entered in favor of the defendant, Gotthardt Duchoslav.

D. H. Akin, Geo. Hall and J. H. Leonard, Attorneys for plaintiff.

E. G. Johnson & Q. A. Gillmore, Attorneys for defendants.